**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Virgil E. YOUNG, Defendant–Appellant.**

**No. 01–6187.**

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2003.

Before SILER, DAUGHTREY, and COLE, Circuit Judges.

*ORDER*

This is a direct appeal from a criminal judgment and commitment order in which counsel for the defendant moves to withdraw representation on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, a federal grand jury indicted Virgil Young on forty counts related to his assistance in preparing and filing fraudulent income tax returns. A jury ultimately found Young guilty of thirty-nine counts of aiding and assisting the making of false and fraudulent statements to the Internal Revenue Service, in violation of 26 U.S.C.

§ 7206(2), and one count of obstructing or impeding the due administration of the Internal Revenue Service laws, in violation of 26 U.S.C. § 7212(a). The district court sentenced Young to a forty-one month term of imprisonment and a one year period of supervised release. This appeal followed.

Counsel for Young filed a motion to withdraw from this appeal and a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Young was served with this motion and a copy of the brief and was invited to respond. *See Freels v. Hills*, 843 F.2d 958, 961 & n. 3 (6th Cir.1988). Young did file a formal response on the merits.

Young was indicted for aiding in the preparation of several fraudulent individual tax returns in the Eastern District of Tennessee. The proof against Young consisted of a parade of individual taxpayers who testified to Young's role in preparing and filing their respective income tax returns that were, in whole or in part, fraudulent. The taxpayer/witnesses, in general, acknowledged that Young urged them to claim huge deductions (e.g., mileage, charities) that had no basis in fact on current and amended prior returns. Testimony established that Young provided at least one grossly fraudulent mileage log in support of a claimed, bogus mileage deduction when the taxpayer was in the middle of an Internal Revenue Service audit. In addition, employees of the Internal Revenue Service testified as to the results of a search warrant executed at Young's residence, at which "hundreds" of taxpayer files were found, and with regards to an audit at which fraudulent mileage logs were submitted. Young testified in his own behalf and denied the charges.

The case was submitted to the jury and the court sent the alternate jurors home.

During deliberations, however, the mother of one of the jurors suffered a heart attack. The district court dismissed that juror, summoned one of the alternates back to court, and replaced the dismissed juror with the alternate. Counsel for Young requested this procedure and the jury was instructed to begin deliberations anew. The jury returned shortly with a verdict of guilty as to all forty counts.

The matter proceeded to sentencing. The only significant issue of contention centered on the valuation of loss for purposes of establishing the base offense level under USSG § 2T4.1. Counsel for Young argued that, as the loss was less than $550,000, the base offense level should be fourteen. The government argued that the loss was more than $550,000, and that the base offense level should be eighteen. The court ultimately adopted Young's suggestion not to include in the loss figure any amount not proved at trial, but the resulting figure of $570,000 still resulted in a base offense level of eighteen. The court went on to sentence Young to the term of incarceration of record and Young was assigned new counsel for appeal.

Counsel for Young set forth five arguable issues for appellate review while conceding their lack of merit. The first two issues go to the sufficiency of the evidence to support the verdict. In reviewing a challenge to the sufficiency of the evidence supporting a criminal conviction, this court must examine whether, after viewing the evidence in the light most favorable to the government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This court will draw all available inferences and resolve all issues of credibility in favor of the verdict, and it is not necessary to exclude every reasonable hypothesis but

guilt. *United States v. Jones,* 102 F.3d 804, 807 (6th Cir.1996). There was sufficient evidence presented to sustain a conviction on every count under *Jackson.* These claims lack merit.

Counsel also questions whether the district court's action in sending an alternate juror home, then seating him after the dismissal of a juror, was error under Fed. R.Civ.P. 24(c)(3) (court failed to "retain" alternate and did not instruct alternate not to discuss case). Counsel properly notes, however, that whatever technical violation of Rule 24 may have occurred, trial counsel for Young specifically acquiesced in the dismissal of the seated juror and the decision to replace that juror with the alternate and, therefore, waived whatever Rule 24 objections he may have otherwise lodged. *See, e.g., United States v. Cencer,* 90 F.3d 1103, 1109 (6th Cir.1996).

The final two arguable issues presented by counsel go to the sentencing phase of the trial. Counsel first contends that Young may not have been given sufficient time to prepare to sentencing. The crux of this issue is that Young needed time to muster support for his position that the valuation of loss should not take unaudited tax returns into account. This claim is completely unsupported in that, of most importance, the district court did not factor the unaudited returns into the loss equation. Counsel also raises a question about the actual calculation of loss, but concedes that the district court relied only upon figures that were supported by sworn testimony and subject to challenge by Young. In assessing the amount of tax loss, it is incumbent upon the district court to make a "reasonable estimate" of the amount of the loss that defendant intended to inflict, not the actual amount of the government's loss. *United States v. Kraig,* 99 F.3d 1361, 1370–71 (6th Cir. 1996) (citing *United States v. Moore,* 997 F.2d 55, 55 (5th Cir.1993)). Counsel con-

cedes that the procedure followed by the district court was "reasonable" and this court agrees.

Finally, Young submitted a brief in his own behalf in which he sets forth a number of claimed examples of his trial counsel, counsel for the government, and even the trial judge acting in concert to railroad Young. Young offers no concrete support for these allegations other than the fact of his conviction or trial rulings that went against him. In general, vague and conclusory allegations of conspiracies to deprive individuals of their constitutional rights are not recognized in law. *See Gutierrez v. Lynch,* 826 F.2d 1534, 1538–39 (6th Cir.1987) (construing 42 U.S.C. § 1983).

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.